## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAN ANDERS BORG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-431-SDD-SDJ** |
| **AMERICAN BIOCARBON CT, LLC** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 12, 2020.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAN ANDERS BORG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-431-SDD-SDJ** |
| **AMERICAN BIOCARBON CT LLC** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is an Unopposed Motion to Remand filed by Defendant American Biocarbon CT LLC ("ABCT") (R. Doc. 4), seeking to remand this matter to the 19th Judicial District Court ("JDC") for the Parish of East Baton Rouge, State of Louisiana. Plaintiff does not oppose remand.[1]

For the reasons that follow, it is recommended that ABCT's Motion to Remand be **granted** and that this matter should be **remanded** to the 19th JDC for the Parish of East Baton Rouge, State of Louisiana.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

ABCT, a company that produced renewable energy from sugarcane bagasse, operated a plant in White Castle, Louisiana.[2] Plaintiff was employed as the Vice President of Engineering for ABCT.[3] Plaintiff claims that during 2019, ABCT "was searching for investors to buy the company or invest in it."[4] At the time, ABCT was not able to pay Plaintiff his wages and reimbursable expenses, and based on an agreement by ABCT to pay Plaintiff his wages and expenses when the company was sold or received investor funding, Plaintiff agreed to accept

---

[1] R. Doc. 4, p. 1 ¶ 3.
[2] R. Doc. 1-1, p. 1 ¶ 4.
[3] *Id.* at ¶ 6.
[4] R. Doc. 1-1, p. 2 ¶ 7.

deferred payment.[5] Plaintiff alleges that he continued working for ABCT for the first 11 months of 2019 but was not paid during that time.[6] On March 23, 2020, Plaintiff filed suit against ABCT in the 19th JDC to recover the past wages and reimbursable expenses owed him by ABCT.[7]

In response, ABCT removed the matter to this Court on July 8, 2020, asserting subject matter jurisdiction under 28 U.S.C. § 1332(a).[8] However, on August 7, 2020, ABCT filed the instant Motion to Remand, claiming that removal was in error because it violates the provisions of 28 U.S.C. § 1441(b)(2).[9]

## II.    LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28. U.S.C. § 1441(a). "It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). Significantly, the removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

As set forth in 28 USC § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, Defendant ABCT is a limited liability company ("LLC").[10] "The citizenship

---

[5] *Id.* at ¶¶ 7-8.
[6] *Id.* at ¶ 9.
[7] R. Doc. 1-1, pp. 1-4.
[8] R. Doc. 1, p. 2 ¶ 5.
[9] R. Doc. 4, p. 1 ¶ 2.
[10] R. Doc. 1-1, p. 17.

of an LLC is determined by the citizenship of each of its members." *Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019) (citing *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)). ABCT, in its Motion to Remand, concedes that some of its members are Louisiana citizens.[11] Further, the ABCT Member Schedule attached to ABCT's Notice of Removal reflects that at least nine of ABCT's members are domiciled in Louisiana.[12] As such, they are citizens of the state in which the action is brought, in violation of § 1441(b)(2). Under such circumstances, remand is appropriate.

### III.   CONCLUSION AND RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendant ABCT's Unopposed Motion to Remand (R. Doc. 4) be **GRANTED** and this matter be **REMANDED** to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on August 12, 2020.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] R. Doc. 4, p. 1 ¶ 2.
[12] R. Doc. 1-1, p. 17. The term used in ABCT's Member Schedule is "domicile" rather than "citizenship." According to the Fifth Circuit, "[f]or individuals, 'citizenship has the same meaning as domicile'." *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). Eight of the nine Louisiana-domiciled members of ABCT are individuals, meaning they are citizens of Louisiana. Whether or not the citizenship of the ninth member, a trust company custodian for the benefit of an individual, is Louisiana is, therefore, irrelevant.